BRUNER *v.* STATE OF INDIANA.

[No. 10,496. Filed January 21, 1919. Rehearing denied
April 3, 1919.]

1. CRIMINAL LAW. — *Evidence.* — *Birth Record.* — *Admissibility.* — *Statute.*—Under §478 Burns 1914, §462 R. S. 1881, relating to the use as evidence of copies of records, etc., in public offices, a birth record of the city board of health and charities produced by the custodian thereof, is admissible in evidence as against the objection that it was merely a copy of the original, though the original report, containing the data for the record, which was made by the physician attending at the birth, was transcribed into the record by some person other than the attending physician. p. 695.

2. CRIMINAL LAW.—*Evidence.*—*Record.*—*Admissibility.*—In a prosecution for contributing to the delinquency of a female person under the age of eighteen years, the history record of the Juvenile Detention Home, in which the age of the person is set forth at the time of the offense charged, is inadmissible in evidence, where it had not been shown that the information from which the record was made up was obtained from any one having knowledge of the matters contained therein. p. 696.

3. CRIMINAL LAW.—*Appeal.*—*Review.*—*Harmless Error.*—*Admission of Evidence.*—In a prosecution for contributing to the delinquency of a female person under the age of eighteen years, though it was error to admit in evidence the history record of the Juvenile Detention Home, setting forth the age of such per-

son as being sixteen years at the time of the offense charged, where it had not been shown that the information from which the record had been made up was obtained from any one having knowledge of the matters contained therein, the error was harmless in view of the testimony of the female person that, at the time of her arrest and detention in the home, she gave to those in charge the information that she was sixteen years of age. p. 696.

4. CRIMINAL LAW.—*Appeal.—Review.—Admission of Evidence.— Scope of Review.—*Only such reasons as are assigned in the trial court as objections to the admission of evidence will be considered on appeal in reviewing alleged error in the admission of such evidence. p. 697.

5. CRIMINAL LAW.—*Appeal.— Review.— Evidence.— Sufficiency.—* The sufficiency of the evidence to support the finding of the trial court in a criminal case can be reviewed only where there is no evidence to support the decision. p. 697.

From Marion Criminal Court (48,503); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Richard L. Bruner. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

REMY, J.—Appellant was tried and convicted on an affidavit charging him with contributing to the delinquency of one Frances Johnson, a female person under the age of eighteen years. On appeal it is insisted that appellant's motion for a new trial should have been sustained because of errors in the admission of evidence, and because the proof is insufficient to support the finding of the court.

Appellant first assigns error in the admission of a birth record kept by the board of health and charities of the city of Indianapolis. After Dr. Morgan, a witness for the state, had testified that he was the custodian of such birth record, and

after he had identified it, the same was offered in evidence as proof of the age of Frances Johnson. Preliminary questions by appellant's attorney, which were asked by leave of court, revealed that the record offered in evidence had not been made by the witness, and that the original report containing the data for the record, which was made by the physician attending at the birth, was transcribed into the record offered in evidence by some person other than the attending physician. Thereupon appellant objected to the reading of the record on the sole ground that it was not the original, but a copy thereof. Under §478 Burns 1914, §462 R. S. 1881, the record was not inadmissible for the reason assigned.

Error is also assigned by appellant in the admission in evidence of what is designated as the "History Record of the Juvenile Detention Home of Marion County," in which the age of Frances Johnson is set forth as being sixteen years at the time of the offense charged. When the record was offered in evidence, it had not been shown that the information from which the record had been made up was obtained from any one having knowledge of the matters contained therein, and appellant for that reason objected to its introduction. The admission of the record under such circumstances was erroneous, but the error was rendered harmless by reason of the fact that following its introduction Frances Johnson, as a witness, testified that after her arrest she was taken to the Detention Home, where she remained over night, and that while there she gave to the person in charge the information that she was sixteen years of age. Other and more valid reasons for the exclusion of the record

are discussed by appellant in his brief, but they are not now available. Only such reasons as are 4. assigned in the trial court as objections to the admission of evidence will be considered on appeal where error is asserted in the admission of such evidence. However, the admission of the record over a valid objection would not have been harmful. The evidence could only be considered as impeachment of Frances Johnson, who had testified that she was eighteen years of age. The record in question amounted to nothing more than evidence that she had given her age to the person in charge of the Detention Home as sixteen years, and this fact she herself admitted.

The insufficiency of the evidence to support the finding is assigned as error. It is only where there is no evidence to support the decision of the trial 5. court that a question is presented which this court may review, and this is true in a criminal case, whether the conviction rests on direct or circumstantial evidence, or both. There is evidence in this case to support every fact essential to the existence of the crime charged.

Judgment affirmed.